imposition of terms might hamper the Office of Alien Property in its supervision of the affairs of the defendants, we believe that the proper exercise of discretion dictates that the judgments entered herein be vacated and the alleged defaults opened, without conditions. Orders unanimously modified to the extent of eliminating therefrom the provisions requiring the defendants to file surety company bonds and by extending the time of the defendants to answer the complaints herein to ten days after the notice of entry of the orders filed herein. Settle orders on notice. Present — Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ.

■

ERIC O. RAPHAEL et al., Individually and as Copartners Doing Business under the Name of FERRA ASSOCIATES, Appellants, v. KNICKERBOCKER FOODS, INC., Respondent.— The order appealed from vacating plaintiffs' notice of examination before trial should be affirmed but not on the ground stated by Special Term. Until plaintiffs furnish a further bill of particulars complying with the order to be entered herein pursuant to the memorandum released herewith in the companion appeal, plaintiffs should not be permitted to examine defendant. After compliance with the order to be entered in the companion appeal, affirmance herein is without prejudice to plaintiffs again moving to examine defendant, but only on the items material and necessary. Settle order on notice. Many particulars were given in the bill plaintiffs already furnished; and, in view of the explanation given for failure to furnish all the particulars because one of plaintiffs was absent from the country for a number of months and unavailable for consultation in the preparation of the bill, we think in the light of the facts disclosed, that the order of preclusion was unnecessarily drastic as it amounts in effect to dismissal of the complaint. Concededly there was an agreement between the parties and plaintiffs, as buyers, made a deposit of $5,000. The order of preclusion appealed from should be reversed, without costs, and the motion to preclude denied on condition, however, that plaintiffs within twenty days after service of a copy of the order to be entered herein with notice of entry serve a further bill complying with the order directing the bill and in particular furnishing a copy of the claimed letter of credit, the date of delivery or notice of availability thereof and to whom on behalf of defendant the same was delivered or notice of availability sent. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL N. BUTLER and JAMES PRINCE, Appellants.— Judgments unanimously affirmed. No opinion. Present — Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ.

■

FRIEDA RADER et al., Respondents, v. MANUFACTURERS CASUALTY INSURANCE COMPANY OF PHILADELPHIA, PENNA., et al., Appellants.— Order unanimously affirmed, without costs, with leave however to defendants to plead as a defense the prior judgment (Rules Civ. Prac., rule 108). The question as to the identity of the issues and parties in the prior action that would be the basis of a defense of *res judicata* can best be determined after a trial. Present — Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ.

■

FRIEDA RADER et al., Respondents, v. MANUFACTURERS CASUALTY INSURANCE COMPANY OF PHILADELPHIA, PENNA., et al., Appellants.— Order unanimously affirmed, with one bill of $20 costs and disbursements to the respondents. No opinion. Present — Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ.